618 A.2d 272

John **GARBUTT**

v.

**STATE of Maryland.**

**No. 530, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 12, 1993.

José Felipé Anderson, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before ALPERT, WENNER and FISCHER, JJ.

WENNER, Judge.

Appellant, John Garbutt, was convicted by a jury in the Circuit Court for Baltimore City of first degree murder and was sentenced to life imprisonment without the possibility of parole. Upon appeal, appellant contends that:

> The trial court erred when it permitted a courtroom security bailiff to communicate to the jury and demonstrate a weapon in order to address a question it had sent to the Judge after it began deliberations.

Since we find no merit to appellant's contention, we shall affirm the judgment of the circuit court.

On March 10, 1991, Tambra Dove was killed by multiple gunshot wounds. A neighbor had observed appellant come out of his house with a long gun and place bullets from a white cup into the gun. While going down the stairs of his house appellant yelled "I'm going to get you Vicky, I'm going to kill you. . . ."[1] While appellant was at the bottom of the stairs, the neighbor saw appellant fire the gun at the door to the victim's house. Appellant then went up the stairs of the victim's house and pushed the door with his shoulder. The neighbor then heard several more shots. The police were summoned by a friend of the neighbor. When the police arrived, appellant came out of his house and yelled, "I did it, so what. Yeah, I did it." After his arrest, appellant told the police that he had "killed the bitch."

At trial, a firearms expert testified that he had examined a Warlin .22 caliber semi-automatic rifle obtained from appellant and had concluded that the bullets recovered from the victim's body had been fired from that weapon. For the benefit of the jury, the expert demonstrated the three ways in which the rifle could be loaded.

After the jury had begun its deliberations, it asked to see the rifle and be shown the three ways it could be loaded.

---

1. The record indicates that appellant intended to kill Vicky Witt, with whom he had had a long feud.

After conferring with counsel, the trial judge decided that the firearms expert, who had been excused, need not be recalled. Instead, the trial judge decided that the court security bailiff could demonstrate the methods of loading the weapon, as he was familiar with the testimony of the firearms expert. Although appellant's attorney was concerned that the bailiff would be testifying, he agreed that it was not necessary to recall the firearms expert. Thereupon, the trial judge gave the jury the following instruction:

Okay, Ladies and Gentlemen, our Sheriff, Mr. Dally, is going to show you how that rifle is loaded. Now, I don't want Mr. Dally to be a witness in this case but on the other hand I don't want [the firearm's expert] to have to come back to show you as he did when he was testifying and I don't think playing a film of his demonstration will help you that much because the film's not that good. But he's not a witness, he's just—he's just showing you.

The bailiff proceeded to demonstrate the three methods by which the rifle could be loaded, while explaining to the jury what he was doing. After the bailiff's demonstration and explanation, appellant's attorney objected to the explanation the bailiff had given, asserting that the explanation amounted to testimony.

After the jury found appellant guilty of first degree murder, appellant's attorney moved for a new trial. Appellant's attorney contended in his motion that the bailiff's demonstration and explanation to the jury constituted additional testimony after the jury had begun its deliberations. The motion was denied and this appeal followed.

 Ordinarily, reopening a case to receive additional evidence is within the sound discretion of the trial court. *Hunt v. State,* 321 Md. 387, 405–06, 583 A.2d 218 (1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 117, 116 L.Ed.2d 86 (1991). Very recently, the Court of Appeals considered the reopening of a case to permit additional evidence after the jury had begun its deliberations. *Dyson v. State,* 328 Md. 490, 615 A.2d 1182 (1992). In *Dyson,* responding to a

request from the jury after it had begun its deliberations, the trial judge permitted a rape victim to point to a knot tied in a radio about which she had previously testified. The trial judge refused to permit Dyson's attorney to cross-examine the victim. The Court of Appeals concluded that the trial judge had erred by refusing to permit Dyson's attorney to cross-examine the victim. *Id.* Unlike *Dyson,* the bailiff's demonstration and explanation to the jury in the case *sub judice* was neither new nor unanticipated. The demonstration and explanation was simply a clarification of evidence that had been previously presented to the jury. In fact, as we said, appellant's attorney agreed that the bailiff could demonstrate the three methods for loading the rifle. Appellant's attorney objected to the bailiff's explanation, but made no effort whatever to cross-examine the bailiff. Thus, the instant case is distinguishable from *Dyson.*

In addition, *State Police v. Zeigler,* 85 Md.App. 272, 583 A.2d 1085 (1991), which involved the testimony of three new witnesses after the Board had begun its deliberations is also distinguishable. We based our opinion in *Zeigler* upon "the fear that undue influence [would] be given to the new evidence" if it were introduced. *Zeigler,* 85 Md.App. at 281, 583 A.2d 1085. That concern is not present here.

■ Even though the trial judge's use of the court bailiff was inappropriate, if it was error, it was harmless error. In order to determine that an error is harmless, we must "be satisfied that there is no reasonable possibility that the evidence complained of—whether erroneously admitted or excluded—may have contributed to the rendition of the guilty verdict." *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976) (footnote omitted); *see also, Rubin v. State,* 325 Md. 552, 578–80, 602 A.2d 677 (1992). We are well satisfied that the jury's verdict would have been the same even without the bailiff's demonstration and explanation. The remaining evidence against appellant, including appellant's admission that he had "killed the bitch," was overwhelming. Unlike *Dyson,* neither the bailiff's demonstration nor his

explanation were critical to the outcome of the case. Thus, *Dyson* is inapposite. As we have said, the bailiff was permitted to clarify evidence already received by the jury from the firearms expert. The bailiff presented no new testimony, he simply answered the jury's question. Moreover, appellant's attorney made no effort to cross-examine the bailiff. In addition, we fail to see how the bailiff's demonstration could have been helpful to the jury without his verbal explanation. There was no reversible error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.